This is a suit in which plaintiff seeks to collect the face value of a policy of life insurance under which the said plaintiff was named as beneficiary.
Citation was originally made on the defendant, Indiana Travelers Assurance Company, "through the Secretary of State of the State of Louisiana, agent for service", by handing copies of the petition and citation to "Wade O. Martin, Jr., in person, Secretary of the State of Louisiana, agent for service of process". An exception to this citation was filed on behalf of the defendant, which exception was based on the claim that the defendant-exceptor "is not authorized to do business and is not doing business in the State of Louisiana, directly or indirectly, and has never designated the Secretary of State of Louisiana as its agent for the agent (service) of process". (Parenthesis by the Court.)
Subsequently another citation was made on "Indiana Travelers Assurance Company through the Secretary of State of the State of Louisiana, agent for service of process", by handing copies of the petition and citation to "Wade O. Martin, Jr., in person, Secretary of the State of Louisiana, agent for the service of process".
Plaintiff's petition was filed July 29, 1944. The first service of citation was made on the 3rd day of August, 1944, and the second service of citation on the 11th day of October, 1944. On October 21, 1944, there was filed, on behalf of plaintiff, an affidavit by one of plaintiff's attorneys of record which recited that a certified copy of plaintiff's petition, together with citation showing return made of service on the Secretary of State, had been forwarded by registered mail to defendant, and that a return receipt evidencing receipt of said documents had been delivered to said attorney.
Defendant filed an exception to the second citation based upon the point that said citation was an effort to comply with the *Page 139 
provisions regarding service of citation set forth in Section 5 of Act 159 of 1940, and that defendant had neither been transacting business in the State of Louisiana, nor doing any of the acts enumerated in said Section 5 of the act referred to.
On December 8, 1944, plaintiff filed a plea of estoppel praying that defendant be barred from filing further pleadings pending either the filing of a bond sufficient to secure payment of any final judgment that might be rendered in the cause, or the procuration of a certificate of authorization to transact insurance business in the State of Louisiana.
On the above pleadings and the issues raised thereby, the case was tried, and the pertinent facts are set forth in a stipulation filed by counsel for both plaintiff and defendant, which reads as follows:
"In connection with the trial of the exceptions of citation herein filed by the defendant it is stipulated and agreed by counsel for plaintiff and counsel for defendant first that the Indiana Travelers Assurance Co., defendants herein, is not now and has never been authorized to do business in the State of Louisiana, does not now and has never maintained any offices therein, and does not have and has never had soliciting agents in the State of Louisiana. It is further stipulated that the policy herein sued on was obtained by the insured in the following manner, to-wit: On or about November 28, 1937, Hattie Goodrich, the insurer, who at that time resided at Haynesville, Louisiana, secured from Willie Mae Rochell, a resident of Haynesville, Claiborne Parish, Louisiana, an application blank of the Indiana Travelers Assurance Co., the said Willie Mae Rochell also being the holder of a policy in said company, that Hattie Goodrich filled out said blank in Haynesville, Louisiana, and mailed same to the Indiana Travelers Assurance Co., Indianapolis, Ind. on or about November 28, 1937, that after the receipt of said application by the Indiana Travelers Assurance Co., in Indianapolis, Ind., on or about December 21, 1937, the Indiana Travelers Assurance Co. mailed to the insured Hattie Goodrich at her post office at Haynesville, Louisiana the policy herein sued on, by depositing same in the United States mails at Indianapolis, Ind."
After hearing, judgment was rendered sustaining defendant's exception to the citation and dismissing plaintiff's suit, from which judgment plaintiff prosecutes this appeal.
Briefly stated, defendant's contentions are, first, that the original citation upon the Secretary of State is invalid because service was made under the theory that the defendant corporation was duly authorized to do business and was doing business in the State of Louisiana, and had appointed the Secretary of State as its agent for service of process in accordance with the provisions of Section 1 of Article II of Act 105 of 1898, when, as a matter of fact, defendant was not authorized to do business, nor was it doing business in the State of Louisiana, directly or indirectly, nor had it ever designated the Secretary of the State of Louisiana as its agent for service of process; and, second, that the subsequent citation was insufficient because it was made under the provisions of Act 159 of 1940, relating to insurers not authorized to transact business in the State, and providing in paragraph (a) of Section 5 thereof "that the transacting of business in this state by a foreign or alien insurer without a certificate of authority and the issuance or delivery by such foreign or alien insurer of a policy or contract of insurance to a citizen of this state or to a resident thereof * * * is equivalent to an appointment by such insurer of the Secretary of State * * * to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit or proceeding arising out of such policy or contract of insurance, and the said issuance or delivery is a signification of its agreement that any such service of process is of the same legal force and validity as personal service of process in this state upon it", the point relied upon by defendant being that, under the requirements of the section of the act as above quoted,both the transaction of business in the State and the issuance or delivery of a policy of insurance must be present in order to justify the service of citation upon the Secretary of State.
Plaintiff answers these contentions of defendant by arguing first, that the original citation upon the Secretary of State is sufficient under the law as set forth in Act 105 of 1898 and Act 179 of 1918, and, second, that the subsequent service of citation was a compliance with the requirements of Act 159 of 1940, urging in this respect that the ambiguous wording of paragraph (a) of Section (5) of said act should be construed as meaning either the transaction *Page 140 
of business or the issuance of a policy of insurance in order to reconcile the wording of the act with the intent and spirit thereof.
It is obvious that the provisions of paragraph (a) of Section (5) of Act 159 of 1940 are uncertain and ambiguous. It may be conceded, for the sake of argument, that the legislature intended to subject all insurance companies issuing policies to citizens or residents of the State to the service of process for the purpose of acquiring jurisdiction of our State courts over matters involving loss to such citizens or residents of the State. However, any reasonable and logical interpretation of the wording of the act itself must inevitably lead to the conclusion that it fails to accomplish such a purpose. It is not necessary to rely for a determination of this question upon the wording of paragraph (a) of Section (5) wherein the conjunctive "and" is employed to link the unauthorized transaction of business with the actual issuance or delivery of a policy of insurance. Reference to the title of the act discloses that it is:
"An Act relating to insurers not authorized to transactbusiness in the State; * * * and providing for the service of process upon such insurers transacting business in this State;
prescribing conditions precedent to the filing of pleadings by such insurers in all proceedings instituted against them; * * *." (Italics by the Court)
[1] In view of the specific and definite wording employed in the title, we can only hold that the act applies solely to insurers who are transacting business in the State without authority.
[2] Able counsel for defendant has cited numerous authorities interpreting the phrase "doing business within the State" as applied to insurance companies. This point has long since been definitely decided by the overwhelming weight of authority and no longer remains open to question. The proposition that the issuance of a policy by a foreign insurance company to a resident of a state and the collection of premiums thereon does not constitute "doing business" has been conclusively established. But, even without the benefit of this precedent established by our jurisprudence, the stipulation of fact filed in this case would be determinative on this point, since plaintiff's counsel agreed to the incorporation in said stipulation of the statement that the defendant company "is not now and has never been authorized to do business in the State of Louisiana, does not now and has never maintained any offices therein, and does not have and has never had soliciting agents in the State of Louisiana".
Construed only in the light of the provisions of Act 159 of 1940, there could remain no question as to the invalidity of the service of citation on the defendant company. But, there are other laws of the State touching upon the matter of service of citation upon foreign insurance companies, and these laws must be examined before judgment may be pronounced upon the point at issue.
Section 1 of Article II of Act 105 of 1898 reads as follows:
"Be it further enacted, etc., That, no Insurance company, corporation, association or society organized under the laws of any State in the United States, or any foreign country shall directly or indirectly issue policies, take risks or transact business in this State, until it shall have first appointed in writing the Secretary of State of this State to be the true and lawful attorney of such company, corporation, association or society, in and for this State upon whom all lawful process in any action or proceeding against the company, corporation, association or society may be served with the same effect as if the company, corporation, association or society existed in this State. Said power of attorney shall stipulate and agree on the part of the company, corporation, association or society that any lawful process against the same, which is served on said attorney shall be of the same legal force and validity as if served on the company, corporation, association or society, and that the authority shall continue in force so long as any policy, or other liability remains outstanding against the company, corporation, association or society in this State. A certificate of such appointment, duly certified and authenticated, shall be filed in the office of the Secretary of State and copies certified by him shall be deemed sufficient evidence. Service upon such attorney shall be deemed sufficient service upon the principal.
"Whenever lawful process against a company, corporation, association or society shall be served upon the Secretary of State he shall forthwith forward a copy of the process served on him by registered mail, post paid, and directed to the Secretary or manager of the company. *Page 141 
"Provided the provisions of this section shall not be construed to interfere with the rights to sue insurance companies at the place of loss, as now provided by law.
"Provided, That no judgment by default shall be entered against any company, corporation, association or society if it can be shown to the satisfaction of the court that the Secretary of State has neglected or failed to forward copy of process at the time said service was made upon him.
"Whenever service of process on an insurance company may be made by law on the Secretary of State, he may, from time to time, designate some person in his office upon whom, in his absence, service of such process may be made; and such service shall be of the same force and effect as though made on the Secretary personally."
By the definite and unambiguous provisions set forth in the above quoted section, a foreign insurance company is prohibited not only from the doing of business, but from the issuance of policies, directly or indirectly, until such company shall have first appointed, in writing, the Secretary of State of this State to be its true and lawful attorney and agent for the service of process.
But, it may be urged, as against this provision, that the Act does not provide any method of service upon a company which has failed, refused or neglected to appoint in writing the Secretary of State as its agent and attorney. This is quite true, but this very evident oversight is remedied by subdivision (c) of paragraph (6) of Section 1 of Act 179 of 1918, which reads as follows:
"If the corporation, being one required by law to appoint and maintain an agent for service of process, has failed so to do, or such agent, if appointed, cannot be found, and said corporation has not established and maintained an office in the State, the officer charged with the duty of making the service, shall, after diligent effort, make return to the court, stating the efforts made by him to secure service, and the reasons for his failure so to do, and thereafter, the Judge, or in the event of his absence from the parish, the clerk, shall order service to be made on the Secretary of State, whose duty it shall be forthwith, to send, by registered mail, addressed to the corporation at its last known domiciliary post office address, the originals of the papers served upon them, retaining in his office true copies thereof, upon which he shall note the date, the manner and other particulars of the service, and of the disposition of the originals."
The above provision is applicable in all instances where a corporation required by law to appoint an agent for service of process has failed so to do, which makes its provisions applicable in the instant case.
In the case before us, the defendant insurance company is not qualified to do business in the State of Louisiana, and, as a matter of fact, the said company is not transacting business within the State of Louisiana. But the company did issue and mail to the insured, now deceased, at her post office at Haynesville, Louisiana, the policy of insurance herein sued on. Thereafter, the company received and accepted premium payments over a period of some six years or more, which intervened between the time of issuance of the policy and the death of the insured. It is true that the company did not solicit the business of the insured, nor was solicitation made by any authorized agent or representative of said company. But, the section of Act 105 of 1898, above quoted, required an insurance company which directly or indirectly issued a policy of insurance in this State, to appoint the Secretary of State as its attorney for service of process. It is also true, at least insofar as is disclosed by the record, that the defendant insurance company did not comply with this provision, and did not appoint in writing the Secretary of State as its agent and attorney for the service of process. For this eventuality, the Act of 1898 made no provision but, Act 179 of 1918, in the section above quoted, established a method and manner of making service upon a corporation required by law to appoint an agent for service of process in the event such corporation had failed to comply with this requirement. In our opinion, this act completes the chain of requirements by which foreign insurance companies issuing policies of insurance to residents of this State may be subjected to the jurisdiction of the courts of this State.
[3] Since the record does not disclose the details which might justify us in passing upon the point as to whether compliance was had with the technical requirements of the statute, and, further, since this question was not raised by counsel for either party, we will not pass upon this point.
Diligent counsel for defendant has cited a number of cases bearing upon the *Page 142 
point involved in this matter, but, we refer only to one of such citations, the case of Minnesota Commercial Men's Association v. Benn, 261 U.S. 140, 43 S.Ct. 293, 294, 67 L. Ed. 573, since, in our opinion, all the points involved in the citations presented were included and comprehended in this case. We think this case inapplicable, since the Montana statute, on which the question of citation was determined by the U.S. Supreme Court, provided for the manner of service of citation upon "any corporation organized under the laws of the state of Montana, or doing business therein". Rev. Codes Supp. Mont. 1915, § 6519, subd. 3.
The opinion of Mr. Justice McReynolds deals almost exclusively with a consideration of the meaning of the term "doing business". The Court held that the mere carrying or writing of insurance on the lives of residents of Montana, the receipt of assessments or dues at the Minnesota office of the insurance company, and related facts, did not constitute "doing business in Montana", and, therefore, could not be prohibited, prevented or regulated by the State of Montana. The opinion referred to the case of Allgeyer v. Louisiana, 165 U.S. 578, 17 S.Ct. 427, 41 L.Ed. 832, in support of the proposition above stated. We willingly concede, in the light of the holding in the Benn case, and the authorities therein cited, that service upon the Secretary of State in the instant case would not be sufficient under statutes regulating service of process as against insurance companies "doing business" within the State of Louisiana. But, the Act of 1898 was not content to provide simply for service upon corporations doing business with or without authority. It went so far as to include insurance companies issuing or delivering policies of insurance to citizens or residents of the State, and, certainly, the defendant company in this case must come under this provision.
Although the facts are not apposite, the opinion of Judge Dawkins in the case of Lusk v. Pacific Mutual Life Ins. Co., D.C., 46 F.2d 502, contains a well-reasoned discussion of some matters touching the principle involved in the case before us. The opinion referred to quoted from the opinion of Mr. Justice Holmes in the case of Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co., 243 U.S. 93, 37 S.Ct. 344, 345, 61 L.Ed. 610, in which the Justice stated:
"But when a power actually is conferred by a document, the party executing it takes the risk of the interpretation that may be put upon it by the courts. The execution was the defendant's voluntary act."
The above quotation referred to the facts of the case under consideration in which the insurance company had obtained a license to do business in Missouri, had filed the required power of attorney with reference to service of process, but had resisted the jurisdiction of the Missouri Courts as to a cause of action arising without the State of Missouri. While, as we have stated, these facts are entirely dissimilar from the ones involved in the case at hand, nonetheless, we feel that the principle elucidated by Mr. Justice Holmes is applicable.
The defendant, Indiana Travelers Assurance Company, through its voluntary act in issuing the policy of insurance, which is the basis of this suit, subjected itself to whatever provision of law had been established by statutes of the State of Louisiana bearing upon restrictions or regulations governing such an act.
[4] In our opinion, service of process upon the Secretary of State, in accordance with the requirements and provisions of Act 105 of 1898 and Act 179 of 1918, are effective as against a foreign insurance company, which has issued a policy of insurance upon the life of a citizen or resident of the State of Louisiana.
[5] It might be urged that Act 159 of 1940 repeals prior legislation with reference to service of citation, but it is to be observed that this act provides for the service of process upon insurers transacting business in this State. For this reason, we are of the opinion that the provisions of the act would not be applicable with reference to insurers who admittedly are not transacting business in this State, but, who have subjected themselves to the jurisdiction of the Courts of this State under the terms and provisions of another statute. This conclusion is further strengthened by the saving clause set forth in paragraph (d) of Section (5) of Act 159 of 1940, which reads as follows:
"Nothing in this section contained shall limit or abridge the right to serve any process, notice or demand upon any insurer in any other manner now or hereafter permitted by law."
We cannot refrain from the suggestion that the effect of the law prescribing a method of citation and service of process *Page 143 
is most salutary and is highly desirable in the protection of the general welfare of citizens and residents of the State of Louisiana. To us it seems no more than right and just that any company which derives the benefits flowing from the issuance of policies of insurance to citizens or residents of a state should subject itself to the jurisdiction of the Courts of that State. To admit of an interpretation which would necessitate the assumption of a burdensome expense and inconvenience by a policyholder in an attempt to enforce a claim against a foreign insurer would be incompatible with principles of common equity and right as between the parties to the transaction.
In consideration of our holding that Act 159 of 1940 is not applicable, it follows that plaintiff's plea of estoppel should be overruled.
For the reasons assigned, the judgment appealed from is reversed; defendant's exceptions to the citation are overruled; plaintiff's plea of estoppel is dismissed, and the case is remanded for further proceedings consistent with the views expressed in this opinion, at appellee's cost.
 On Application for Rehearing.