**EMPLOYERS' LIABILITY ASSUR. CORP., et al., Limited, v. LEJEUNE.**

**No. 13407.**

United States Court of Appeals
Fifth Circuit.

May 25, 1951.

Rehearing Denied June 26, 1951.

H. L. Hammett, New Orleans, La., James J. Davidson, Jr., Lafayette, La., for appellants.

Edward Dubuisson, Opelousas, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

Brought by direct action against the two appellants, the public liability insurers of Gulf Public Service Co., Inc., the suit, as to each, was for damages to the limit of the policy coverage $5000 as to "Employers" and $250,000 as to "Excess", for the death by electrocution from contact with a fallen wire belonging to Gulf Company, their insured.

The negligence claimed was permitting a dangerously charged and inadequately insulated wire to fall and remain upon the public streets.

Service was had upon both companies by serving the Secretary of State. Employers, which had qualified as a foreign corporation doing business in Louisiana, was duly served, by service upon the Secretary of State, and made its appearance. Excess, which had not so qualified, filed motions to dismiss the suit against it and to quash the service, because it was not doing business or otherwise legally present in Louisiana so as to be subject to suit and service there.

These motions were submitted on a stipulation of facts,[1] and full arguments, and briefs.

---

1. Entered into by Excess with full reservation of its objections to jurisdiction of and service upon it, this was its substance:

Before decision on the motions was had, plaintiff moved for, and obtained, an order of the court for process, and same was served upon the Secretary of State under Section 1, Subdiv. (c), paragraph 6, Act 179 of 1918,[2] and under Art. II, Sec. 1 of Act 105 of 1898.[3]

Excess renewed its motions to dismiss and to quash already filed, and filed additional motions to dismiss and to quash.

The district judge denying these motions, answers were filed by the defendants, as to Excess with reservations as to jurisdiction. These answers denied the charges

That Excess has filed a motion in this case to dismiss plaintiff's suit for lack of jurisdiction over the person, for improper venue for insufficiency of process, and for insufficiency of service of process, and in connection with the motion the parties hereto do agree and stipulate to the following facts:

That plaintiff and her minor children were, and are, resident citizens of the Opelousas Division of this Honorable Court.

That Excess is a corporation organized under the laws of the State of New York and is domiciled in the city of New York; that prior to the year 1938, when it withdrew from doing business in that state, it was qualified to do business as an insurance company in the state of Louisiana; that *since its withdrawal it has had, and has, no office in the State of Louisiana, nor does it maintain any agents in that state; that there is no person in the State of Louisiana authorized to represent it or to do or perform any business in its behalf or to accept service of summons in any suit brought against it in Louisiana;* that it has never appointed the Secretary of State of Louisiana as its agent for service of process, nor has it ever appointed any other person in that capacity; that the contract in question was written and signed in the State of New York and was delivered and accepted and the premium therefor paid as set forth below. (Emphasis supplied.)

That on or about May 31, 1946, Parkerson, Dupuis Agencies, Inc., domiciled and doing business in Lafayette, Louisiana, hereinafter called Parkerson, asked Excess to rewrite with it a policy covering the operations of Utilities in Louisiana, which it had written in 1944 and renewed through Insurance brokers in Dallas, Texas, and to recognize Parkerson as broker, and Excess rewrote the said contract of insurance through Parkerson, as broker, with an effective date of June 10, 1946. Thereafter, on Nov. 29, 1946, on advice of Parkerson, the coverage was amended to change the name of assured to Gulf Public Service Company, and said policy remained in force until it was cancelled on June 3, 1948.

That said policy and said endorsement were executed by Excess in the State of New York, and were mailed by Excess to Parkerson at Lafayette, Louisiana, and that all the premiums due Excess therefor were paid by the assured to Parkerson and by him, after taking credit for his commission, sent to Excess at New York.

That the risk covered by the policy is described therein and an authenticated copy of the policy will be filed in the record in this case upon hearing of the motion.

That there are no policies covering risks issued by Excess to the Insured within ten years prior to the date of this policy except the policy referred to hereinabove.

That the said policy was not countersigned in Louisiana, but was accepted by the Insured in Louisiana.

That other than the policy issued to Louisiana Public Utilities, as above mentioned, and to Gulf Public Service by endorsement, as above set forth, no other policies have been issued to residents of Louisiana since Dec. 31, 1938, by Excess.

2. This act, a general one, after providing: "If the corporation, being one required by law to appoint and maintain an agent for service of process, has failed so to do, or such agent, if appointed, cannot be found, and said corporation has not established and maintained an office in the state," goes on to provide that the officer charged with the duty of making service shall make return to the court and the judge shall order service to be made on the Secretary of State, whose duty it shall be to send to the corporation at its last known domiciliary post office address, the originals of the papers served upon them.

3. This act in effect prohibits insurance companies from issuing policies, taking risks, or transacting business in the state without appointing the Secretary of State as its agent for process. It does not, however, provide any method of service upon a company which has failed to appoint the Secretary as enjoined by it.

of negligence and affirmatively and fully pleaded that Gulf was at all times in the exercise of due care, and that deceased was guilty of contributory negligence.

The case, thereupon proceeding to trial before a jury, there was a verdict for the plaintiff, for herself of $8000, and for her as tutrix for the four children of $10,000 for each of them, $48,000 in all, followed by an apportioned judgment aggregating $5000 against Employers and $43,000 against Excess, and defendants have appealed.

Here, while Excess joins with Employers in insisting: that the verdict was without support in the evidence and the judgment must be reversed; and, in the alternative, that it was excessive and must be relieved against by reversal or remittitur; its primary attack upon the judgment is that it was not duly served with process, and the court was without jurisdiction of its person.

Because of the fundamental bearing of this question on the disposition of the case, we will first consider and dispose of it.

As to the first attempt to serve process upon it by serving the Secretary of State, under Act 159 of 1940, re-enacted in the Louisiana Insurance Code, Act 195 of 1948, as Sec. 2703, LSA–RS 22:1253, Excess invokes the opinion of the Court of Appeal in Louisiana, in White v. Indiana Travelers Assur. Co., La.App., 22 So.2d 137. There it is held that this act applies solely to insurers transacting business in the state without authority, and that the issuance of a policy by a foreign insurer to a resident of the state and collection of premiums thereon, do not constitute "doing business" so as to justify process upon the Secretary of State as insurer's agent.

As to the second attempt to serve it under Act 105 of 1898 and 179 of 1918, Excess, pointing out that Sec. 105 of 1898 had been repealed by the Louisiana Insurance Code, and insisting that no similar provision had been re-enacted in its place, urges upon us that appellee's reliance on that attempt will not do.

Invoking the settled principles governing the right of private litigants to sue to enforce contractual or other liabilities against, and the adequacy of service in such suits upon, foreign corporations, situated as it is in this case, Excess urges upon us that they do not support, they are in opposition to, the jurisdiction here asserted.

Pointing to the stipulated facts, showing the complete absence of any personal presence or the doing of any business in the state, it insists that it has not, by its acts, "created continuing relations and obligations with citizens", or set up the "minimum contacts" with the state, which, under the presently controlling authorities,[4] would subject it to a regulatory suit by the State, much less to a private suit, under Sec. 1391(c), Title 28 U.S.C.A.[5] in the Federal Court for the Western District of Louisiana, or to be served with process in that, or in any other district, in that state.

Discussing and analyzing, Excess relies on the International Shoe Company and the Travelers Health Association cases, note 4, supra, in which the Supreme Court laid down the principles supporting the exercise of jurisdiction in regulatory suits brought by states against foreign corporations which, remaining as they thought outside the jurisdiction of, and refusing to conform to, have persistently and seriously violated, their regulatory laws.

Insisting that these cases are intended to be, and are, specific authority only for the jurisdiction of state regulatory suits, they yet urge upon us that if they can be considered as also modifying older, and es-

---

4. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Minnesota Commercial Men's Ass'n v. Benn, 261 U.S. 140, 43 S.Ct. 293, 67 L.Ed. 573; Old Wayne Mutual Life Assurance v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Travelers Health Ass'n v. Commonwealth of Va., 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; White v. Indiana Travelers Assur. Co., La.App., 22 So.2d 137.

5. "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

tablishing new, rules for obtaining jurisdiction, and service of, process in private suits, like the one at bar, they are authority not for, but against, the jurisdiction and the service of process here.

Appellee, with equal vigor, opposes the attacks of Excess upon the suit and service. Admitting that White v. Indiana, supra, does hold, as to Section 5, Act 159 of 1940, as Excess contends, she insists: that, as shown in the opinion, the conclusion there announced as to the meaning and effect of the Act was induced by language in its title; and that the re-enactment of that section in the Insurance Code was accomplished without re-enacting the title.

Further, pointing out that in that opinion the Court approved as a proper method of service the very steps appellee took in her second attempt at service under Acts 105 of 1898 and 179 of 1918, she insists that the fact, of which Excess makes so much, that Act 105 of 1898 had been repealed and was not in existence when she attempted to obtain service under it, is immaterial since, as she contends, the Insurance Code, Act 195 of 1948, LSA–RS 22:1 et seq. contains similar provisions.

Finally, meeting Excess head on upon its claim that, in the present state of the authorities, Excess was not subject to suit with service of process in Louisiana, and, relying on the same authorities relied on by Excess, particularly International Shoe Co. v. State of Washington, Travelers Health Ass'n v. Com. of Virginia, and some others,[6] in support of her contrary insistence, she insists that both with and without the benefit of the statutory aid she invokes, the service of process on Excess was good, the jurisdiction of its person was present.

We cannot agree.

■ We think it plain that without the aid of the invoked Louisiana statutes there is no basis whatever for the claim that Excess was doing business, was present, had made such "minimum contacts" or had "established such continuing relationships" in Louisiana as to subject it to the jurisdiction asserted here.

Turning to the invoked statutes, we think that, assuming their validity as against attack upon grounds of denial of due process, appellee can take no comfort from reliance on them. This is because, for the reasons given in White v. Indiana, supra, the statutes relied on in the first attempt at service did not authorize such process against a foreign corporation in the situation of Excess, merely because it issued a policy in New York and delivered it to a broker in Louisiana. It is because, too, for the reason put forward by Excess, the statute specifically invoked by plaintiff as authority for the second attempt at service, was not then in existence but had been repealed, and no equivalent statute had been re-enacted to take its place.

The judgment as to Excess is reversed for want of jurisdiction, and the cause is remanded as to it with directions to dismiss it.

When it comes to the judgment on the merits, appellee, pointing to the fact that the defendants did not move for a directed verdict, insists that they may not be heard here to question the sufficiency of the evidence to sustain it.

As to the attack on the verdict as excessive, appellee insists that it is not excessive, and "anyway it certainly cannot be said that Judge Porterie abused his discretion in refusing to grant a new trial".

■ It is quite plain, upon the authorities,[7] that, having failed to move for a directed verdict, Employers may not attack the sufficiency of the evidence here.

■ It is equally plain, since it is not claimed that the judgment entered against Employers alone is excessive, that we

---

6. Hess v. Pawlowski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926; Storey v. United Ins. Co., D.C., 64 F.Supp. 896; Ace Grain Co. v. American Eagle Fire Ins. Co., D.C., 95 F.Supp. 784; Sugg v. Hendrix, 5 Cir., 142 F.2d 740.

7. Barron & Holtzoff, Federal Practices and Procedure, Vol. II, Section 1081; Baten v. Kirby Lbr. Co., 5 Cir., 103 F.2d 272; Woolworth Co. v. Seckinger, 125 F.2d 97.

should affirm the judgment as to Employers, without considering the point of excessiveness made against the verdict as a whole.

Affirmed as to Employers. Reversed as to Excess with directions to dismiss.