[Civ. No. 8945. Third Dist. Mar. 14, 1957.]

JAMES B. McCLANAHAN et al., Appellants, v. TRANS-AMERICA INSURANCE COMPANY (a Corporation), Respondent.

Daniel S. Carlton and Robert A. Haughwout for Appellants.

Burton, Lee & Hennessy for Respondent.

PEEK, J.—This is an appeal by plaintiffs from an order quashing service of summons on defendant insurance company, a foreign corporation not qualified to do business within this state.

Plaintiffs, residents of the State of Washington, recovered a judgment for personal injuries and damages arising out of an automobile collision in Shasta County against J. F. and Leila Galloway, husband and wife, residents of Colombia,

South America, who were insureds of defendant corporation. The defendant corporation failed to pay the judgment, and this action was brought against it under the terms of the policy. Defendant was served by substitute service upon the Secretary of State pursuant to section 6501 of the Corporations Code. It thereafter appeared specially for the purpose of moving to quash the service. The motion was supported by affidavits of one L. H. Walden, defendant's president, and Michael T. Hennessy, one of the attorneys who represented defendant in the original proceeding. In opposition to the motion, affidavits were filed by Daniel S. Carlton, attorney for plaintiffs.

Recently, the reviewing courts of this state, in the cases of *Kneeland* v. *Ethicon Suture Laboratories, Inc.*, 118 Cal.App. 2d 211 [257 P.2d 727], and *Jeter* v. *Austin Trailer Equipment Co.*, 122 Cal.App.2d 376 [265 P.2d 130], had occasion to discuss at length the changing concepts regarding "doing business" within this state so as to be amenable to local process and consistent with due process. No useful purpose would be served by reviewing these exhaustive decisions at length.

It is sufficient to note that as presently conceived, the rule has substituted a "qualitative" criterion for the "quantitative" concept. (*International Shoe Co.* v. *Washington*, 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057].) It is the combination of local activities conducted by the foreign corporation, the manner, nature and extent thereof, which is determinative. (*West Publishing Co.* v. *Superior Court*, 20 Cal.2d 720, 728 [128 P.2d 777].) Stated otherwise, "The essence of doing business is that the corporation is present within the state sufficiently to constitute it just and equitable that it be amenable to process within the state." (*Fielding* v. *Superior Court*, 111 Cal.App.2d 490, 494 [244 P.2d 968].) And in this regard the test is not confined to a mechanical weighing of whether the activity is "a little more or a little less" (326 U.S. 319) than the minimal activity necessary to come within the rule. Since it is apparent that no hard and fast rule can be adopted which would apply to all cases, it is obvious that the final determination must be predicated upon the peculiar facts of each individual case.

In the present case the complaint and affidavits upon which the case was heard show the following uncontradicted facts:

Defendant Trans-America Insurance Company is an Alabama corporation, created and existing under the laws of that

state; its principal office and place of business is at Montgomery, Alabama; it was and is engaged in the insurance business, including the solicitation and issuance of automobile liability insurance policies in at least three states of the United States; it has never qualified to do business in California; it has written no insurance policies and maintains no office or place of business in this state; it has no agents, jobbers or independent contractors who solicit business for it here; its policyholders operate motor vehicles in California at various times throughout the year; by the terms of its policies, defendant insures its policyholders, within policy limits, against loss as a result of claims or actions brought against them for personal injury, death or property damage arising out of automobile accidents occurring anywhere in the continental United States; also under the terms of its policies defendant obligates itself, as a part of its business, to investigate accidents in which its policyholders are involved within this state or elsewhere, to employ local attorneys, investigators and adjustors for that purpose, to adjust and negotiate claims, defend actions, and to pay judgments if any arise out of actions against its policyholders in this state; said policies further provide that if judgments should be obtained against the insureds, the judgment creditors may bring an action directly against the company to recover the amount of the judgment; the defendants J. F. and Leila Galloway reside in Colombia, South America, and at the time of the automobile collision here in question were operating a 1954 Ford automobile insured by the defendant insurance company under an automobile insurance policy issued to them in the State of Alabama; in connection with the present action, the defendant's activities extended from June 29, 1954, to May 6, 1955; during that period of time it employed an adjustment service agency located in Dunsmuir, California, to investigate the claims arising out of the accident; it settled one claim; it employed attorneys in this state; it engaged a doctor to examine the plaintiff Leona G. McClanahan and engaged a second doctor who testified at the trial; through its attorneys it had the action removed to the United States District Court for the Northern District of California, Northern Division, and through the same attorneys resisted plaintiffs' motion to remand the cause to the superior court of Shasta County; and defendant's secretary conferred with and attempted to effect a settlement with plaintiffs' counsel at his office in Redding, at which time an offer of $5,000 was made

which was refused, as was the second offer of $12,500 which was made through defendant's counsel.

From the record as summarized, it would appear that the defendant, in retaining investigators, doctors and other persons necessary to properly prepare and defend the case brought by plaintiffs, was doing precisely what it contracted to do on behalf of each of its policyholders whether in California or elsewhere within the continental United States. In fact, in the affidavit filed by plaintiffs' counsel it was alleged, and it is not denied, that many of defendant's policyholders travel the highways of this state, and that defendant has adjusted and defended numerous cases in California.

It could be said that from the very nature of defendant's business, the insuring of automobile owners, that whenever it issued a policy of automobile insurance, the defendant contemplated that the holder thereof might at some time be a user of the highways of this state, subject to all of the hazards of such use, and hence knew it would be necessary to come into the courts of this state to assert its rights and defend its obligations under such policies. And in line with the comment of the court in the International Shoe case, such activities could not be gauged by a little more or a little less than the minimal activity necessary to come within the rule; that is it would appear to be of small consequence whether 25 of its insureds traveled the highways of this state and all had accidents or a thousand did likewise and only one accident resulted, the present. Again we may note that by the very terms of the policy, it was the defendant insurance company which, upon notice of the accident, for all practical purposes became a real party in interest—it took over the complete control of all aspects of the case from a defense standpoint. In fact, had not the Galloways placed the entire case in defendant's hands to compromise or defend as it saw fit, such action on their part could well have resulted in a breach of the contract of insurance. The activities of the defendant under the circumstances shown cannot be gauged, as did the trial court, on the basis of one lawsuit or one visit by a corporate agent, or the fact that the defendant carried on no solicitation in this state.

The order is reversed.

Van Dyke, P. J., and Schottky, J., concurred.