FRUGÉ, Judge.
Plaintiff, Aetna Insurance Company, as the subrogee of Mr. and Mrs. George M. Gardner, of Lake Providence, Louisiana, appeals from a judgment of the lower Court, sustaining the defendant’s exception to the jurisdiction of the lower Court, ra-tione personae.
The facts reveal that Aetna Insurance Company issued to and had in full force and effect a policy of insurance protecting a building owned by Mr. and Mrs. George M. Gardner in Lake Providence, Louisiana. An explosion occurred in the municipal light plant of the Town of Lake Providence, causing damage to the Gardner home in the amount alleged of $737.18, which *627 amount was paid by the Aetna Insurance Company to its insured and from whom Aetna Insurance obtained a conventional subrogation receipt. Aetna Insurance Company then filed this suit against Great American Indemnity Company, the liability insurer of the municipal light plant of the Town of Lake Providence. The suit was filed in the Ninth Judicial District Court in and for the Parish of Rapides under the provisions of R.S. 22:655 and directly against Great American Indemnity Company. To this action the defendant filed an exception to the jurisdiction ratione personae,, which exception was maintained by the Trial Judge.
The following stipulations on the exception to the jurisdiction ratione personae were entered into between plaintiff and defendant :
“1.
“Great American Indemnity Company is a corporation domiciled in the State of New York, duly authorized to do business in the State of Louisiana.
“2.
“Great American Indemnity Company is sued as the insurer of the Town of Lake Providence in an action in tort growing out of an accident which occurred at the municipal light plant of the Town of Providence in the Parish of East Carroll, State of Louisiana.
“3.
“On November 23, 1956, the date of the accident sued upon, Great American Indemnity Company had two claim or adjusting offices in the State of Louisiana. The main claim office was located in Shreveport, Caddo Parish, Louisiana, and this accident was assigned to and handled by the Shreveport claim office. At that time, Great American Indemnity Company also had a claim or adjusting office in the City-of Alexandria, Rapides Parish, Louisiana, but this latter office was subordinate to the Shreveport office, which was the main office.
“4.
“At the time this suit was filed in Rapides Parish in May of 1958, the Shreveport office had been transferred to Alexandria, Rapides Parish, Louisiana, and the only claim or adjusting office of Great American Indemnity Company in the State of Louisiana at that time was in Alexandria, Rapides Parish, Louisiana.
"5.
“At the present time, the Alexandria claim or adjusting office has been abolished and transferred back to Shreveport, Caddo Parish, Louisiana, where it is presently located.
“6.
“Great American Indemnity Company does business in the State of Louisiana through insurance agents located in all of the principal towns of the state, including New Orleans, Baton Rouge, Lake Charles, Alexandria, Monroe, Shreveport and Lafayette. Its agents located in Alexandria are not the main producers or the largest producers of business for this company in the State of Louisiana. All such agencies are independent and privately owned businesses and write insurance for Great American Indemnity Company and for other companies.
“7.
“The claims offices of Great American Indemnity Company in the State of Louisiana are staffed by personnel directly employed and paid by Great American Indemnity Company.”
Plaintiff alleged in its petition that this suit was being filed under the laws of the State of'Louisiana and directly against the insurer of the Town of Lake Providence in conformity with LSA-R.S. 22:655. . The *628 pertinent part of the direct action statute where a suit may be filed is as follows:
“The injured person or his or her survivors or heirs hereinabove referred to at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled, and said action may be brought against the insurer alone or against both the insured and insurer jointly and in solido, at the domicile of either or their principal place of business in Louisiana.”
The statute is unambiguous and clearly provides that one may bring suit against the insurer where its “principal place of business” is located in Louisiana. Suit was brought in Rapides Parish on the theory that defendant’s principal place of business was located there.
The stipulation of fact admits that the defendant is duly authorized to do business in Louisiana. Therefore, the only question is whether or not Rapides Parish was the “principal place of business in Louisiana” of the defendant at the time of this suit. The lower court found that the adjusting of claims was “incidental” to the business of insurance and therefore the Rapides Parish office was not its “principal place of business,” and sustained the plea to the jurisdiction.
Insurance, as defined in 44 C.J.S. Insurance § 1, “is an agreement to pay a sum on the happening of an event, * * * a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event * * *. The term * * * denotes also the act of insuring by the contract * * :|! as well as the system of business of which such contracts are the characteristic and vital element.” (Emphasis added.) Am.Jur., Insurance, section 3 defines it thusly: “ * * * insurance may be defined as an agreement by which one person for a consideration promises to pay * * * to another on the destruction * * ■* 0f * * * something by specified perils * * * the essential feature of policies of insurance at the present time is substantially that of indemnity to the insured.” (Emphasis added.) Thus we see that adjusting of claims is not a mere incident to the business of insurance, but rather is an essential feature of it.
There is no question but that claims adjusting in certain circumstances constitutes doing business. 44 C.J.S. Insurance § 82 states the concept thusly; “ * * * A foreign company may be doing business in the state if it actively solicits insurance * * * or if it maintains an agency in the state, through which it adjusts claims for loss * * *. It is doing business where it investigates, adjusts, and settles losses under outstanding policies in the state * * See footnotes cited therein. In McClanahan v. Trans-America Insurance Company, 1957, 149 Cal.App.2d 200, 307 P.2d 1023, that court stated that in determining what is “doing business” a qualitative criteria must be used, and that the combination of local activities, the manner, nature and extent thereof are determinative. And from the record in that case it was held that the defendant in retaining investigators, doctors and others necessary to properly prepare and defend the suit brought by plaintiff was doing precisely what it contracted to do on behalf of its policy holders. In Appleby v. Insurance Office of Australia, 1922, 119 Misc. 378, 196 N.Y.S. 575, 576, the court stated: “The adjustment and payment of insurance claims is one of the essential and fundamental parts of defendant’s business as an insurance company * * See 113 A. L.R. at page 118 et seq. This question was posed, in the case of Pennsylvania Lumbermen’s Mut. Fire Ins. Co. v. Meyer, 1905, 197 U.S. 407, 25 S.Ct. 483, 485, 49 L.Ed. 810, in relation to claims adjusting as doing business; “ * * * jf not doing business in such case, what is it doing? It is doing the act provided for in .its contract, at the very place where, in case a loss occurred, *629 the company contemplated the act should be done; and it does it in furtherance of the contract, and in order to carry out its provisions * * *; and the contract itself is the very kind of contract which constituted the legal business of the company * * See 44 A.L.R.2d paragraph 11 at page 442.
In the case at bar when this suit was filed the only claims office of defendant in Louisiana was located in Alexandria, Rapides Parish. This office was staffed by personnel directly employed and paid by defendant. (Defendant sells insurance through independent and private agents.) Under these circumstances there is no question but that claims adjusting constituted “doing business” and the office in Alexandria was the “principal place of business in Louisiana” at the time these proceedings were commenced.
For the foregoing assigned reasons the judgment appealed from is reversed, the exception to the jurisdiction overruled and the case remanded for further proceedings according to law. Costs of this appeal to be paid by appellee.
Reversed and remanded.