Kimoko **FUKAYA,** Individually and as Natural Guardian of Kazuyo Fukaya and Michiko Fukaya, minors, Plaintiffs,

v.

Ronald Richard **VELHO** et al., Defendants.

Civ. No. 74–189.

District Court of Guam.

March 30, 1976.

Gerald E. Stinson, Crain & Shoecraft, Agana, Guam, for plaintiffs.

Finton J. Phelan, Jr., J. Bradley Klemm, Klemm & Dear, Agana, Guam, for defendants.

## MEMORANDUM ORDER

DUENAS, District Judge.

Plaintiffs are the decedents of Hiroyuki Fukaya and have filed a wrongful death action against Ronald Richard Velho, hereinafter referred to as "Velho", Chrysler Pacific Autos, Inc., hereinafter referred to as "Chrysler", China Insurance Company, Ltd., hereinafter referred to as "China Insurance", and State Farm Insurance Company, hereinafter referred to as "State Farm".

The alleged facts are essentially as follows: Velho, a resident of California, visited Guam briefly and rented a car owned by Chrysler. China Insurance allegedly had a policy in effect with Chrysler which made Velho an insured under the policy. On November 21, 1974, Velho, while driving the vehicle owned by Chrysler, allegedly drove the vehicle negligently into the person of Hiroyuki Fukaya resulting in his death. State Farm had issued a policy of insurance to Velho in California, which was in effect on the date of the accident, insuring him for any personal liability which he may incur due to his operation of a motor vehicle. The territorial limits of the policy covered the United States of America, its territories or possessions, or Canada. State Farm does not deny coverage over the accident.

From the record, it appears that Velho has not been served. State Farm has been served pursuant to Section 406.1 of the Civil Code of Guam as an unlicensed foreign corporation doing business in Guam.

"§ *406.1. Service of process on Director of [Revenue and Taxation] in Action Against Unlicensed Foreign Corporation.* Every foreign corporation or corporation formed, organized, or existing under any laws. other than those of Guam

now or hereinafter doing business in Guam, which fails to comply with the provisions of Section 405 before doing or continuing to do any business in Guam, shall be conclusively presumed to have designated the Director of [Revenue and Taxation] as its agent for the service of process in any action against such corporation arising out of acts or omissions of such corporation within Guam, including, without limitation, any action to recover the statutory forfeiture and penalties for failure to be so licensed and all taxes, fees, and other obligations for which the corporation might be liable to the government of Guam. Such agency for the purpose of service of process shall continue as long as any obligations against such corporation are outstanding even though such corporation has ceased to do business in Guam. Pursuant to such service, suit may be brought in the District Court of Guam. Such service shall be made upon the Director of [Revenue and Taxation] by leaving with him duplicate copies of such process, together with an affidavit of the plaintiff or one of the plaintiff's attorneys, showing the last known address of such corporation, and, except in actions in which the government of Guam is plaintiff, a fee of [twenty dollars] $20 which shall be included as taxable costs in case of judicial proceedings. Upon receipt of such process, affidavit, and fee the Director of [Revenue and Taxation] shall forthwith give notice by radiogram to the corporation at the address specified in the affidavit and forward to such address by registered mail, with a request for return receipt, a copy of such process.

The Director of [Revenue and Taxation] shall retain a copy of such process in his files, keep a record of any such process served upon him, and record therein the time of such service and his action thereafter with respect thereto.

This section does not affect any right to serve process upon a foreign corporation in any other manner permitted by law."

The cause of action against State Farm is based on Guam's direct action statute, § 43354 of the Government Code of Guam:

"§ 43354. Liability policy: direct action. On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer alone, or against both the insured and insurer."

State Farm has filed a motion with the Court asking it to quash the service of process pursuant to § 406.1 on the ground that State Farm is not doing business in Guam within the definition of the statute nor within the Constitutional definition as set forth in *McGee v. International Life Ins. Co.*, (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, and *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. State Farm especially relies upon the cases: *White v. Indiana Travelers Assur. Co.*, (1945 La.App.), 22 So.2d 137, and *Employers' Liability Assurance Corp. v. Lejeune*, (1951 C.A. 5th Cir. La.), 189 F.2d 521, cert. den., 342 U.S. 869, 72 S.Ct. 111, 96 L.Ed. 653.

However, this Court is more impressed with the authority cited by plaintiff, namely *Humble Oil and Refining Co. v. M/V John E. Coon*, 207 F.Supp. 45 (E.D.La.1962); and *McClanahan v. Trans-America Insurance Co.*, 149 Cal.App.2d 171, 307 P.2d 1023 (1957). Both *Humble* and *McClanahan* concern liability insurance policies as opposed to life insurance policies.

This Court finds that State Farm is doing business within the Territory of Guam within the definition of § 406.1 of the Civil Code and within the Constitutional definition as set forth by the U.S. Supreme Court in *International Shoe Co. v. State of Washington, supra*, and *McGee v. International Life Insurance Co., supra*.

State Farm determined the terms of the policy and determined them in such a way to specifically include the Territory of Guam. It knowingly chose to protect its insureds while driving a motor vehicle in Guam. Such was the case in *McClanahan.*

In *McClanahan,* the defendant insurance company was sued after it failed to pay a claim made by the plaintiff based upon a judgment plaintiff had obtained against defendant's insured in California involving an automobile accident in California. The defendant appeared and challenged the service of process on the ground that it was not doing business within the State of California. It was true that defendant's principal place of business was in Montgomery, Alabama, and that defendant apparently issued and solicited the sale of insurance policies in only three states. The Court in *McClanahan* cited the following facts all of which are similar to the facts in the case before the Court:

" . . . it has never qualified to do business in California; it has written no insurance policies and maintains no office or place of business in this state; it has no agents, jobbers or independent contractors who solicit business for it here; its policyholders operate motor vehicles in California at various times throughout the year; by the terms of its policies, defendant insures its policyholders, within policy limits, against loss as a result of claims or actions brought against them for personal injury, death or property damage arising out of automobile accidents occurring anywhere in the continental United States; also under the terms of its policies defendant obligates itself, as a part of its business, to investigate accidents in which its policyholders are involved within this state or elsewhere, to employ local attorneys, investigators and adjustors for that purpose, to adjust and negotiate claims, defend actions, and to pay judgments if any arise out of actions against its policyholders in this state; said policies further provide that if judgments should be obtained against the insureds, the judgment creditors may bring an action directly against the company to recover the amount of the judgment; the defendants J. F. and Leila Galloway reside in Colombia, South America, and at the time of the automobile collision here in question were operating a 1954 Ford automobile insured by the defendant insurance company under an automobile insurance policy issued to them in the State of Alabama; in connection with the present action, the defendant's activities extended from June 29, 1954, to May 6, 1955; during that period of time it employed an adjustment service agency located in Dunsmuir, California, to investigate the claims arising out of the accident; it settled one claim; it employed attorneys in this state; it engaged a doctor to examine the plaintiff Leona G. McClanahan and engaged a second doctor who testified at the trial; through its attorneys it had the action removed to the United States District Court for the Northern District of California, Northern Division, and through the same attorneys resisted plaintiffs' motion to remand the cause to the superior court of Shasta County; and defendant's secretary conferred with and attempted to effect a settlement with plaintiffs' counsel at his office in Redding, at which time an offer of $5,000 was made which was refused, as was the second offer of $12,500 which was made through defendant's counsel."

However, there is nothing in the record that State Farm has ever hired a claims investigator in Guam with regard to this action or that it has retained an attorney for any other purpose other than to quash the service of process. However, State Farm appears to be under the same contractual obligation as was Trans-America Insurance Company in *McClanahan.* Counsel for State Farm stated to the Court that, in his opinion, State Farm has a contractual obligation to defend Velho in this suit if service over Velho is ever obtained.

The Court feels that it is especially important to note for the record that State Farm has been a defendant in at least two

cases previously filed in the District Court of Guam.

In the case of *Francisco B. Cardines v. William M. Shontell, State Farm Mutual Automobile Insurance Co., and Ignacio A. Reyes,* Civil Case No. 2–70, State Farm had issued an insurance policy to Shontell. Shontell was a member of the United States Coast Guard temporarily stationed in Guam and was the driver of a car involved in a car accident. Both Shontell and State Farm were named as defendants in the case and it appears that State Farm was served pursuant to § 406.1 of the Civil Code of Guam. State Farm appeared through counsel in Civil Case No. 2–70 and finally entered into a stipulation for dismissal with prejudice with the plaintiff after compromising and settling the plaintiff's claims.

In the case of *Jesus Duenas, Agueda Duenas, Sylvester Damian and Francis P. Damian v. Rosa Cabrera Masang and Government Employees Insurance Co. and State Farm Mutual Auto Insurance Company,* District Court Civil Case No. 97–73, plaintiff Sylvester Damian and his wife, Julieann Damian were insureds of State Farm. The policy issued by State Farm to Damian included uninsured motorist protection. Mrs. Damian was involved in an automobile accident in Guam as a result of which she died. Damian sued State Farm on the basis that the driver of the car who caused the accident was uninsured. State Farm was served pursuant to § 406.1 of the Civil Code of Guam and appeared through counsel in the case. State Farm settled the suit with Damian for the policy limits of $15,000.

It is the opinion of the Court that the facts as presented are sufficient to hold that State Farm is doing business in the Territory of Guam and is consequently subject to service of process under the laws of Guam. State Farm is unquestionably a large insurance company insuring thousands if not millions of drivers. State Farm sets the terms of coverage of its automobile liability insurance policies with full knowledge that some of its insureds will travel through or move to the Territory of Guam. Consequently, it does not violate any notion of justice or fair play to subject State Farm to the laws of Guam.

State Farm's motion is denied.

SO ORDERED.