710 P.2d 472

**Wayne MAAKE and Mary E. Maake, husband and wife, Plaintiffs/Appellants,**

**v.**

**L & J PRESS CORPORATION, a foreign corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5359.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 18, 1985.

Dix, Rehling & Waterman by J. Stephen Dix, Tucson, for plaintiffs/appellants.

Mesch, Clark & Rothschild, P.C. by John K. Mesch, Tucson, for defendant/appellee.

## OPINION

LIVERMORE, Judge.

Plaintiff's right hand was amputated in April 1982 when the press he was operating malfunctioned. The press was manufactured in 1922 by an Indiana manufacturer. In 1940 that manufacturer's assets were purchased by the defendant, L & J Press Corporation (L & J). Plaintiff sued L & J, an Indiana corporation which manufactures punch presses and equipment at its plant in Elkhart, Indiana. The trial court dismissed the suit, finding a lack of jurisdiction over the defendant.

"Long arm" jurisdiction is governed by Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S. It reads:

> "When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state...."

The rule is intended to extend the jurisdiction of Arizona's courts to the extent permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Manufacturer's Lease Plans, Inc. v. Alverson Draughon College*, 115 Ariz. 358, 565 P.2d 864 (1977). Under its terms, jurisdiction may be had over a foreign corporation doing business in the state, often called general jurisdiction, or over one who has caused an event to occur in Arizona out of which the claim arose, often called specific jurisdiction. See generally Brilmayer, *How Contracts Count: Due Process Limitations on State Court Jurisdiction*, 1980 Sup.Ct.Rev. 77; von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv.L.Rev. 1121 (1966). Plaintiff contends that both forms of jurisdiction are appropriately exercised on the facts of this case.

## Specific Jurisdiction

■ The facts will not support a finding of specific jurisdiction over L & J. Simply stated, L & J neither manufactured the allegedly defective press nor had any known relationship to that press since its manufacture. It did not supply the Arizona owner with parts for that press. There being no relation between L & J and the press involved in the injury suffered by the plaintiff, much less a connection between L & J and the press while it had been in Arizona (such as might have been established if L & J had sent parts for the press into Arizona), there is no nexus between the defendant, the litigation and the forum which would allow Arizona to assert "specific jurisdiction" over the defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In the language of Rule 4(e)(2), L & J did not cause "an event to occur in this state out of which the claim which is the subject of the complaint arose." *Houghton v. Piper Aircraft Corp.*, 112 Ariz. 365, 542 P.2d 24 (1975); *Rowell Laboratories, Inc. v. Superior Court*, 117 Ariz. 400, 573 P.2d 91 (App.1977).

## General Jurisdiction

■ When the claim does not arise out of a foreign corporation's activities within the state, assertion of jurisdiction over the corporation is constitutionally permissible only where there have been "continuous and systematic general business contacts" by it within the state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404, 412 (1984); *Houghton v. Piper Aircraft Corp.*, supra. That test is not met here. L & J sold only through independent distributors located outside Arizona. It made no sales and had no employees in Arizona. Only sixteen of its presses were located in Arizona. On thirty-seven occasions in twenty years, it filled orders, not solicited by it, for spare parts from Arizona owners of its presses. Twice it advertised its presses in magazines of national circulation. These facts, taken together, do not establish that systematic business conduct necessary to assert general jurisdiction under *Helicopteros* and *Houghton*.

## Waiver of Jurisdiction

■ Plaintiff contends that L & J Press waived its defense of lack of personal jurisdiction by recovering costs from plaintiff as a discovery sanction under Rule 30(g)(2), Rules of Civil Procedure, 16 A.R.S., where defendant's attorney had traveled to Phoenix for a deposition of plaintiff's witness and that witness failed to appear because not subpoenaed by plaintiff. L & J counters that because this theory was not raised on the record below we should not reach the issue on appeal. We agree, *Sun Lodge, Inc. v. Ramada Development Co.*, 124 Ariz. 540, 606 P.2d 30 (App.1979), but we are also persuaded that seeking a discovery sanction does not subject a party to jurisdiction.

In the case at bench, the defendant never yielded in its assertion that Arizona lacked jurisdiction. It did participate in discovery to protect itself if its position should fail, as it was entitled to do without waiving its jurisdictional defense. Invoking the remedies available for discovery abuse, like participating in discovery itself, is not that kind of conduct which indicates acquiescence in the jurisdiction of the court over the party. Were we to hold otherwise, we would invite discovery abuse as a means to gain jurisdiction over non-residents.

The trial court's dismissal of plaintiff's action against L & J for want of personal jurisdiction was correct. The order appealed from is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.