736 P.2d 1

**Robert O. BATTON and Linda Batton,**
**Plaintiffs/Appellants,**

v.

**TENNESSEE FARMERS MUTUAL**
**INSURANCE COMPANY,**
**Defendant/Appellee.**

**No. 2 CA–CIV 5704.**

Court of Appeals of Arizona,
Division 2, Department B.

May 14, 1986.

Hofmann, Salcito, Stevens & Myers, P.A. by Leroy W. Hofmann, Phoenix, for plaintiffs/appellants,

Jennings, Strouss & Salmon by Michael A. Beale and Jefferson L. Lankford, Phoenix, for defendant/appellee.

LIVERMORE, Presiding Judge.

Defendant, Tennessee Farmers Mutual Insurance Company, a Tennessee corporation, issued an automobile insurance policy to plaintiffs, Robert and Linda Batton, both of whom were Tennessee residents. On a visit to Arizona, Robert Batton was seriously injured while a passenger in his brother's car. A claim was made on the policy by mail by plaintiffs' lawyer in Arizona. That claim was investigated by mail by Tennessee Farmers and denied by mail about six months after the accident. At that time plaintiffs were living in Florida. Suit was brought in Arizona claiming bad faith denial of coverage. Plaintiffs appeal from a dismissal of their action for want of personal jurisdiction over Tennessee Farmers. We affirm.

Plaintiffs concede that Tennessee Farmers has not done business in Arizona because it has no employees or agents in Arizona, has no insurance coverage in Arizona, and has never investigated, settled, or defended any claims here. Plaintiffs contend, however, that by investigating and denying their claim made from Arizona, defendant "caused an event to occur" in Arizona thus conferring long-arm jurisdiction under Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S. That rule is intended to confer jurisdiction to the extent permitted by the United States Constitution. *Maake v. L & J Press Corp.*, 147 Ariz. 362, 710 P.2d 472 (App.1985). We conclude that exercise of jurisdiction in this case would be unconstitutional. Defendant caused neither plaintiffs' entry into Arizona nor the accident. That accident may have created contractual rights against defendant. But a denial of that claim does not confer jurisdiction. Were the rule otherwise, any commodity purchased outside the state could be brought into the state and any claim arising from its use could be brought against a non-resident seller or manufacturer, if not immediately, then after a denial of liability. As put in a case on all fours with this one, "We cannot agree that the requisite minimum contacts are established because a plaintiff's move into a state requires the defendant to send communications into that forum." *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1248 (9th Cir.1984). See also *G.T. Helicopters, Inc. v. Helicopters, Ltd.*, 135 Ariz. 380, 661 P.2d 230 (App. 1983). This case is even stronger because plaintiffs were never residents of Arizona.

It involves only an effort to gain jurisdiction over a foreign corporation, and to get the benefits of Arizona's law on insurance, by filing a claim from Arizona.[1]

Affirmed.

HOWARD and LACAGNINA, JJ., concur.

---

1. We distinguish *McClanahan v. Trans-America Ins. Co.*, 149 Cal.App.2d 171, 307 P.2d 1023 (1957), and *Fukaya v. Velho*, 416 F.Supp. 785 (D.Guam 1976), relied on by plaintiffs, on three grounds. First, those cases involved a contractual duty to defend the insured in the forum state against resident plaintiffs of that state. Second, the insurers in those cases had on prior occasions appeared and defended actions in the state. Third, both courts relied on the foreseeability of a liability causing event in the forum state. That reasoning, of course, does not survive *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

To the extent A.R.S. §§ 20–106, 403 can be read to confer jurisdiction on the facts of this case, they are unconstitutional.