1254

Lamar Charles PARKER, Respondent v. FIREMAN'S INSURANCE COMPANY OF NEWARK, N. J., and Merit Insurance Company, Defendants, of whom Merit Insurance Company is, Appellant. Appeal of MERIT INSURANCE COMPANY.

(375 S. E. (2d) 325)

Court of Appeals

*C. Dexter Powers*, of *Wright, Powers and McIntosh*, Florence, *for appellant.*

*James C. Cox, Jr.*, of *Saleeby, Cox and Bledsoe, P.A.*, Hartsville, *for respondent.*

*Lawrence B. Orr*, of *Bridges and Orr*, Florence, *for Fireman's Ins. Co. of Newark, N. J.*

Submitted Nov. 9, 1988.

Decided Nov. 28, 1988.

*Per Curiam:*

Lamar Charles Parker brought this declaratory judgment action to determine whether Merit Insurance Company (Merit) must respond to Parker's judgment against Merit's insured. Merit, a foreign corporation, moved to dismiss the case for lack of personal jurisdiction. The circuit denied the motion, and Merit appeals.

Merit, an Illinois corporation with its principal place of business in Chicago, insured an automobile owned by Norman Fernie, a Florida resident. Merit has never been licensed to transact business in South Carolina and has no offices and employees in South Carolina. Merit neither sold.

Fernie his policy nor collected any premiums from him in South Carolina.

Fernie and Nickie Lee Lambert, who is also a Florida resident, worked with a carnival which traveled the eastern United States, including South Carolina. Parker, a South Carolina resident, was injured on September 20, 1980, when he collided with Lambert, who was driving Fernie's car in South Carolina.

Parker thereafter sued Lambert in South Carolina for negligence. He served Lambert through the Chief Highway Commissioner, pursuant to Section 15-9-350 of the South Carolina Code of Laws (1976).

After Lambert failed to answer the complaint, Parker notified Merit he intended to seek a default judgment.

The circuit court later held Lambert in default and referred the matter to the master for a hearing to determine damages. Upon being notified of the hearing, Merit employed counsel to represent Lambert in South Carolina.

When his attempt to remove the case to the federal court failed, Lambert moved to vacate the entry of default. The circuit court denied the motion, and Lambert appealed. He failed to perfect the appeal, however, and the Supreme Court dismissed it.

Meanwhile, Merit denied coverage based on the failure of Lambert and Fernie to cooperate with Merit in the action.

Parker then filed this action seeking a declaration that Merit provided coverage and is therefore required to respond to any judgment rendered in Parker's action against Lambert. Parker claims South Carolina has personal jurisdiction over Merit pursuant to this state's long-arm statute, Section 36-2-803 of the Code.

Merit moved to dismiss the case, asserting it had not acted so as to authorize the court's exercise of personal jurisdiction pursuant to Section 36-2-803.

In denying Merit's motion, the circuit court, among other things, found Merit's activities in the original action amounted to a "transacting of business in [South Carolina]" and that Section 36-2-803(1)(a) allowed it to exercise jurisdiction over Merit. Merit appeals only this finding.

We affirm, but for a somewhat different reason than that given by the circuit court. *See* Rule 4, Section 8, Rules of

Practice in the Supreme Court of South Carolina ("[T]his Court reserves the right to sustain any ruling, order or judgment upon any grounds appearing in the record.").

■■ Section 36-2-803 provides, in part:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's
(a) transacting any business in this State:

\*    \*    \*    \*    \*

(f) contracting to insure any person, property or risk located within this State at the time of contracting; or
(g) entry into a contract to be performed in whole or in part by either party in this State ...
(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him, ....

The circuit court found that Merit knew Fernie's vehicle would "travel in a carnival over the eastern portion of this country [and that] Merit should certainly be put on notice that vehicles traveling in a carnival would be very likely to be involved in accidents in states in which the carnival travels such as South Carolina." Merit took no exception to this finding and is bound by it on appeal. *Borg Warner Acceptance Corp. v. Darby*, 296 S. C. 275, 372 S. E. (2d) 99 (Ct. App. 1988).

Parker's declaratory judgment action arises from Merit's contracting to insure Fernie's automobile while it moved through the eastern United States, including South Carolina, and Merit's entry into an insurance contract to be performed at least in part in states along the eastern seaboard, including South Carolina.[1] Personal jurisdiction, is proper under either Sections 36-2-803(1)(f) or (g).

---

[1] Because Merit did not include Fernie's policy in the appellate record, we cannot determine if the policy expressly defined its territory to exclude South Carolina. *See Rossman v. State Farm Mut. Auto Ins. Co.*, 832 F. (2d) 282 (4th Cir. 1987) (Policy territory included "The United States of America,

Because jurisdiction is otherwise sufficient, we do not reach the issue of whether Merit's post-accident activities support jurisdiction under Section 36-2-803(1)(a). *But see Rossman v. State Farm Mut. Auto. Ins. Co.,* 832 F. (2d) 282 (4th Cir. 1987) at footnote 2 ("We do not think that a party's investigation of possible legal liability after an accident creates in personam jurisdiction that would not otherwise exist. If it did, insurers would be discouraged from legitimate investigation and insureds would be deprived of its benefits.")

Affirmed.

its territories or possessions"; the court held that the Illinois insurer could foresee being haled into court in Virginia and that this expectation was "an express feature of its policy."). The appealed decree comes to this Court with a presumption of correctness and Merit bears the burden of showing the trial judge erred. *Dicks & Gilliam, Inc. v. Cleland,* 295 S. C. 124, 367 S. E. (2d) 430 (Ct. App. 1988). It was also incumbent upon Merit, as appellant, to provide this Court with a sufficient record of review. *Porter Bros., Inc. v. Specialty Welding Co.,* 286 S. C. 39, 331 S. E. (2d) 783 (Ct. App. 1985).