STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-234

FILED AND ENTERED
SUPERIOR COURT

MAY 0 3 2002

PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

MAY 8 2002

John Kirk Trenholm,
    Plaintiff

v.

Order on Motion to Dismiss

Thomas R. Madore, et al.
    Defendants

      Pending before the court is the motion to dismiss filed by defendant Allstate Insurance Company of Canada ("Allstate"). In its motion, Allstate argues that the Maine state courts lack personal jurisdiction over the claim asserted against Allstate in this action. Allstate and the plaintiff have filed written argument and other materials in connection with the motion at bar. The court has considered those submissions.

      A defendant's motion to dismiss for lack of personal jurisdiction may be resolved on the basis of the plaintiff's allegations, affidavits filed by the parties and "otherwise." *Dorf v. Complastic Corp.*, 1999 ME 133, ¶¶ 12-13, 735 A.2d 984, 988. The parties at bar have not raised any issue regarding the mechanism by which they would develop the record on this motion.

      Trenholm has alleged in his complaint that he is a Canadian citizen and that, while traveling in Maine, he was involved in a motor vehicle accident caused by the negligence of defendant Thomas R. Madore. In addition to his liability claim against Madore, the plaintiff seeks recovery pursuant to the underinsured motorist coverage created in the insurance policy he purchased from defendant Allstate.

      Allstate is a Canadian corporation. During the past seven years, there have been more than 1,000 accidents in the United States involving Allstate's insureds. Of these accidents, as many as 29 occurred in Maine. Allstate is aware that some of its insureds travel in Maine. The materials submitted in connection with the motion at bar includes a portion of the insurance policy that Allstate had issued to Madore. That portion of the

1

policy provides that it applies while the covered vehicle is operated in the United States. That coverage includes payment to the insured on underinsured motorist's claims filed by that insured.[1]

> Maine's jurisdiction over nonresident defendants is controlled by its long-arm statute, 14 M.R.S.A. § 704-A,[] as well as the due process clause of Maine's Constitution, Me. Const. art I, § 6-A. Maine's jurisdictional reach is coextensive with the due process clause of the United States Constitution, U.S. Const. amend. XIV, § 1. . . . In order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of the litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice. . . .It is the plaintiff's burden to satisfy the first two prongs of this test. Once the plaintiff does so, the burden then shifts to the defendant to establish that asserting jurisdiction does not comport with traditional notions of fair play and substantial justice. . . . The plaintiff's evidence 'must be based on specific facts set forth in the record and the record is to be construed in a light most favorable to the plaintiff.'

*Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995) (citations omitted). "When there has been no testimonial hearing and the court proceeds on the parties' pleadings and affidavits [as it has done here], the plaintiff need only make a *prima facie* showing that jurisdiction exists. . . ." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993).

Based on the present record, the plaintiff has satisfied the first prong. Maine has a legitimate interest in this proceeding because the collision is alleged to have occurred in this state, evidence relevant to the issues of liability and damages is likely to be found in Maine, potential medical creditors are likely to be Maine-based, and this state has an interest in providing a forum for persons injured within its borders, even if those persons

---

[1] Allstate argues that this provision of the policy establishing its territorial applicability applies only to that part of the policy that obligates Allstate to provide a defense to and indemnify Trenholm for any liability claim covered by the policy. Allstate further argues that this territorial provision is not applicable to Allstate's obligation to provide uninsured and underinsured coverage for Trenholm. However, the portion of the policy submitted by the parties does not indicate that the territorial application is limited in this way. The court fully recognizes that only two pages of the policy have been submitted in connection with this motion and that there may be other relevant provisions not set out in this material. However, the court can only consider the material that the parties have submitted, and that material does not substantiate Allstate's construction.

are not residents. *See Tyson v. Whitaker & Son, Inc.,* 407 A.2d 1, 4 (Me. 1979), *recons. denied* 411 A.2d 389 (Me. 1980).

The next question is whether the plaintiff has established that Allstate "should [have] reasonably anticipate[d], or not be unfairly surprised by, litigation arising in Maine from that business [in which it is engaged]." *Tyson,* 407 A.2d at 4. A nonresident party is deemed to have a reasonable anticipation of "being haled into court" in the forum state if that party "purposefully avails itself of the privilege of conducting activities within the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 62 L.Ed.2d 490, 501 (1980). This element is not satisfied by the unilateral conduct of the party who seeks to bring the respondent within the jurisdiction of the forum court. Rather, the respondent must have engaged in action that is purposefully directed toward the forum State." *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 112, 94 L.Ed.2d 92, 104 (1987).

Here, Allstate does not dispute that it would be subject to this court's jurisdiction in a third party action, brought against its insured, thereby triggering its duty to defend and, in the event of a judgment against its insured, to indemnify. However, Allstate argues that any direct contractual liability it may have toward its insured, in a first party action, is not within the jurisdiction of this court because Allstate could not reasonably anticipate litigation in the Maine courts for such a cause of action.

In addressing the question of when a contractual relationship may subject a nonresident party to the jurisdiction of the forum state, the United States Supreme Court has rejected the use of

> 'mechanical tests' . . . or on 'conceptualistic . . .theories of the place of contracting or of performance'. . . . Instead, we have emphasized the need for a 'highly realistic' approach that recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction.' . . . It is these factors – prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing – that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478-79, 85 L.Ed.2d 528, 545 (1985) (citations omitted).

3

Here, for the reasons noted above, on the record on this motion, the plaintiff's insurance policy with Allstate must be seen to provide him with underinsured motorist benefits for covered injuries sustained in the State of Maine. By offering consumers such as the plaintiff with underinsured motorist's insurance coverage for Maine-based losses, Allstate has gained an economic benefit. Through its insurance contract with the plaintiff, it has made an enforceable promise that it would pay damages to the plaintiff for covered losses. This creates a risk of exposure and liability that is greater than if Maine-based losses were not covered. However, with that increase in risk comes a policy that may be more attractive to potential insureds because of the greater scope of coverage. That increased risk to Allstate also supports a higher premium paid by those such as the plaintiff, who is willing to pay that level of premium in order to gain the additional insurance. *See generally Eli Lilly and Co. v. Home Insurance Co.*, 794 F.2d 710, 720-21 (D.C. Cir. 1986); *Southeastern Express Systems v. Southern Guaranty Ins. Co. of Georgia*, 40 Cal.Rptr.2d 216, 219 (Cal.Ct.App.) 1995. Conversely, Allstate had the opportunity to exclude coverage for underinsured motorist benefit for Maine-based losses through an appropriate exclusion. It therefore could have declined to purposefully avail itself of the benefits of providing coverage for those Maine losses. However, the record at bar does not show that Allstate elected to limit its coverage in that way. Allstate's willingness to provide such coverage in Maine demonstrates that it has purposefully availed itself of the benefits of doing business in Maine. *See Eli Lilly; Szalay v. Handcock*, 819 S.W.2d 684, 687 (Ark. 1991).

That the action at bar is a first party action is not material to the question of whether Allstate has purposefully availed itself of the benefits of the "economic market in the forum State," *Southeastern Express Systems*, 40 Cal.Rptr.2d at 218, because the contractual relationship between the plaintiff and Allstate must be realistically judged in its totality and not with reference to portions of that contract. *Id. at 222.* Allstate accurately cites an opinion that characterizes its distinction between first party claims and third party claims as unanimous. *See Bahr v. Chicago Motor Club Ins. Co.*, 634 A.2d 63, 71 (Md.Ct.App. 1993). As the *Southeastern Express Systems* court points out, however, "it simply is not so." 40 Cal.Rptr.2d at 221. Irrespective of whether the *Bahr* analysis represents even a majority view, the court is persuaded that under the better view,

Allstate's election to provide uninsured motorist's coverage for Maine-based losses sustained by its insureds represents an affirmative act that establishes sufficient contact with Maine to establish personal jurisdiction.

Finally, Allstate has not demonstrated that traditional notions of fair play and substantial justice would be sacrificed if it were deemed subject to this court's jurisdiction. First, as is noted above, Allstate had the capacity to exclude coverage for losses occurring within this state. Such an exclusion would make its coverage less attractive to consumers. Nonetheless, Allstate offered that coverage, and the plaintiff accepted that scope of coverage. Second, any inconvenience or burden generated by litigation in Maine is not of constitutional dimension. *Szalay*, 819 A.2d at 687; *Southeastern Express Systems*, 40 Cal.Rptr.2d at 219. [2] Third, just as claims may be made against Allstate's insureds arising out of motor vehicle accidents, Allstate's insureds may develop their own claims for losses arising out of those incidents. Whenever such a claim arises, there is a corresponding and foreseeable risk that Allstate may be liable to its insured due to the inadequacy of a tortfeasor's insurance coverage. Allstate itself has created a substantial connection to Maine, by providing uninsured and underinsured motorist's coverage for its customers whom Allstate knows travel in Maine. Under those circumstances, it is not unfair or unjust to require Allstate to defend its contractual interests in the Maine courts.

Therefore, the court concludes that the record satisfies the plaintiff's burdens of establishing that there exists personal jurisdiction over Allstate and that Allstate has not met its burden of showing that such jurisdiction should not be asserted here.

The entry shall be:

For the foregoing reasons, Allstate's motion to dismiss is denied.

---

[2] Any such burden does not appear, on this record, to be substantial. A significant amount of the evidence relating to the underinsured motorist's claim is based in Maine. Further, the need for Allstate to retain counsel to defend itself in the first party claim does not create any burdens greater that the retention of counsel to defendant its insured against a liability claim brought by a third party – a circumstance that certainly would invoke Allstate's contractual duty.

Dated: May 2, 2002

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

6

Date Filed _12/4/01_____  _PENOBSCOT_____  Docket No. _CV-2001-234_____
                                        County

Action _Civil - Personal Injury_____
**ASSIGNED TO JUSTICE JEFFREY L. HJELM**


|  |  |
|---|---|
| JOHN KIRK TRENHOLM | vs. THOMAS R. MADORE and ALLSTATE INSURANCE COMPANY OF CANADA |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| BABER & WEEKS, P.A.<br>304 HANCOCK STREET, STE. 2E<br>BANGOR, ME.  04401<br>BY: Brett D. Baber, Esq. | MONAGHAN LEAHY, LLP<br>95 EXCHANGE STREET - P O BOX 7046<br>PORTLAND, ME  04112-7046<br>BY:  Kevin G. Libby, Esq. |
|  | Eaton Peabody<br>Fleet Center - Exchange Street<br>PO Box 1210<br>Bangor, Maine  04402-1210<br>BY: Marc J. Veilleux, Esq.<br>FOR: Allstate Insurance Company of Canada |

| Date of Entry |  |
|---|---|
| 12/4/01 | Complaint and Demand For Jury Trial filed. |
| 12/4/01 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 12/7/01 | Answer of Defendant Thomas R. Madore filed. |
| 12/19/2001 | Motion to Dismiss of Defendant Allstate Insurance Company of Canada, With Incorporated Memorandum of Law Filed. Attachment Filed. |
| 12/21/2001 | Affidavit of Paul Nicholson Filed by Defendant Allstate Insurance Company of Canada. |
| 12/26/01 | Notification of Discovery Service filed by Defendant Thomas R. Madore: Interrogatories Propounded to Plaintiff by Defendant Thomas R. Madore. Defendant Thomas R. Madore's First Request for Production of Documents Propounded to Plaintiff. |
| 12/31/01 | Plaintiff's Motion To Extend Time To Respond To Defendant Allstate Company of Canada's Motion to Dismiss filed. |
| 12/31/01 | Request for Hearing filed by Plaintiff. |
| 12/31/01 | Notification of Discovery Service filed by Plaintiff:  Plaintiff's Interogatories to Defendant Allstate Insurance Company of Canada. |
| 12/31/01 | Notification of Discovery Service filed by Plaintiff:  Plaintiff's Response to Thomas Madore's First Request for Production of Documents. |
| 12/31/01 | Notification of Discovery Service filed by Plaintiff:  Notice of Deposition of Thomas R. Madore. |