JUSTICE LEAPHART
dissenting.
¶31 I respectfully dissent.
¶32 The courts of Montana have personal jurisdiction over MFBCIC. The exercise of jurisdiction is consistent with both the Constitution and Montana’s long-arm statute, Rule 4(B)(1), M.R.Civ.P.
¶33 In discussing the issue of due process, the Court relies upon several cases that seek to distinguish (1) personal jurisdiction derived from an insurance contract’s indemnity policy from (2) (the absence of) personal jurisdiction derived from an insurance contract’s first-party coverage. Although the Court has non-binding precedent on its side, that is all it has. The cases the Court relies on distinguish between the two situations in two different ways, both of which do not stand up to a reasonable inquiry.
¶34 First, although the Court does not say so, the Bahn case it relies on attempts to distinguish (1) from (2) by arguing that in (1) personal jurisdiction arises from tort liability, whereas in (2) personal jurisdiction arises from contract liability. Bahn, 634 A.2d at 71. Indeed, in a suit by a third-party driver against the insured, the underlying matter is one of tort. However, the court’s personal jurisdiction over the insurer is based upon contract (the indemnity clause). Similarly, in (2) the insured’s claim against the insurer is also one of contract (the underinsured motorist clause). There is no reason to conclude that jurisdiction arises out of the indemnity clause but not the underinsured motorist clause of the same contract.
¶35 Second, the Court relies on cases holding that an insurer meets the “reasonably anticipates” requirement of World-Wide Volkswagen in (1) but not in (2). See Batton, 736 P.2d at 6-7. Although the Court is correct that the indemnity clause does not give rise to a reasonable anticipation by the insurer that it may be sued by the insured in Montana, that is a strawman argument. The insured’s suit is not grounded in the indemnity clause. It is based upon the first party coverage under the underinsured motorist clause.
¶36 The circumstances of the present case are different from WorldWide Volkswagen, a products liability case which did not involve a contract of insurance. World-Wide Volkswagen, 444 U.S. at 288, 100 S.Ct. at 562, 62 L.Ed.2d at 495. In contracting to insure a driver in all fifty states (as in this case), the insurer must reasonably expect that the insured driver can be involved in an accident in any one of those *362 states and, in that event, the insurer may as a matter of contract have to appear and defend in that state either under the indemnity clause or the underinsured motorist clause. Given that the insured’s injuries occur in the state of the accident and that the witnesses to the accident are most likely residing there, the insurer, MFBCIC, could reasonably anticipate being summoned into the courts of the state of the accident to litigate liability for underinsured motorist coverage.
¶37 Rule 4(B)(1), M.RCiv.P., provides:
Jurisdiction of persons. (1) Subject to jurisdiction. All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:... (d) contracting to insure any person, property or risk located within this state at the time of contracting ....
¶38 In analyzing the long-arm statutes, the Court, at ¶ 29, reasons as follows:
It is undisputed that at the time of contracting, Carter resided in Mississippi, and the property to be insured under the contract was garaged in Mississippi. Thus, there was no basis for a finding of jurisdiction under this provision. Nor do the other provisions of Rule 4(B)(1), M.R.Civ.P., provide a basis for the assertion of long-arm jurisdiction.
Although the Court places Carter (the “person”) and his vehicle (the “property”) in Mississippi at the time of contracting, and thus outside the reach of Montana’s long-arm statute, the Court ignores the other factor which can trigger jurisdiction, “risk.”
¶39 In Parker v. Fireman’s Insurance Co. of Newark, N.J. (S.C. App. 1988), 375 S.E.2d 325, 326-27, Merit, an Illinois insurer, insured an automobile owned by Femie, a Florida resident. Merit had never been licensed to conduct business in South Carolina and did not sell Femie his policy or collect any premiums from him in South Carolina. Parker was injured in a collision with Fernie’s insured vehicle in South Carolina. Parker filed a declaratory judgment against Merit in South Carolina. The lower court denied Merit’s motion to dismiss, in which Merit had argued that it had not acted so as to authorize the South *363 Carolina court’s exercise of personal jurisdiction.[1] On appeal, the court quoted from South Carolina’s long-arm statute, which like Montana’s includes: “(f) contracting to insure any person, property or risk located within this state at the time of contracting.” Although neither Femie (the “person”) nor his vehicle (the “property’) were in South Carolina at the time of contracting, the court, nonetheless, concluded that jurisdiction was proper under subsection (f) since Merit had contracted to insure Fernie’s automobile while it moved through the eastern United States, including South Carolina. In other words, the Court, by negative implication, relied on the “risk” factor for exercise of long-arm jurisdiction.
¶40 In similar fashion, Carter was insured against a “risk located within this state at the time of contracting.” Rule 4(B)(1)(d), M.R.Civ.P. His policy stated, “This policy applies only to automobile accidents during the policy period within the United States of America ....” Carter was insured by MFBCIC for the “risk” of being injured by an underinsured motorist while in the State of Montana, one of the fifty states. Carter satisfied the constitutional and long-arm requirements for the exercise of jurisdiction of the insurer. I would reverse the District Court’s grant of summary judgment.
JUSTICE NELSON joins in the dissent of JUSTICE LEAPHART.

 Although the Parker case involves a third-party claim, rather than a direct suit by an insured, there is no suggestion that Merit was subject to personal jurisdiction in South Carolina by virtue of an indemnity clause.